IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STONE CONNECTION, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| STEPHEN TODD SIMPSON, | § | Case No. 4:07-CV-431 |
| DAVID MCCARTHY, | § | |
| FABRICATORS STONE GROUP, LLC, and | § | |
| STONE SOURCE INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING PLAINTIFF'S MOTION
FOR ENTRY OF PROTECTIVE ORDER**

The following are pending before the court:

1.   Plaintiff's motion for entry of protective order (docket entry #25);

2.   Defendants' response to Plaintiff's motion for entry of protective order (docket entry #27); and

3.   Defendant Stone Source International, Inc.'s response to Plaintiff's motion for entry of protective order (docket entry #30).

Having considered the Plaintiff's motion and the Defendants' responsive briefing thereto, the court finds that the motion should be denied.

**I. BACKGROUND**

On September 11, 2007, the Plaintiff filed its original complaint. Thereafter, on February 4, 2008, the Plaintiff filed its first amended complaint. In its first amended complaint, the Plaintiff alleges that the Defendants misappropriated trade secrets, breached fiduciary duties,

conspired to wrongfully convert the Plaintiff's property and engaged in conversion. The Plaintiff has now moved the court for a protective order, seeking to protect discovery relating to trade secrets and confidential and/or proprietary information.

## II.  LEGAL STANDARD

Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure provides as follows:

> ***In General.*** A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> **(G)**  requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way.

FED. R. CIV. P. 26(c)(1)(G). "The requirement of a showing of good cause to support the issuance of a protective order indicates that '[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Occidental Chemical Corp. v. Louisiana Public Service Commission*, 2008 WL 566833, *2 (M.D. La. 2008), citing *In re Terra Intern., Inc.*, 134 F.3d 302 (5th Cir. 1998).

"There is no absolute privilege for trade secrets and similar confidential information." *Id*. (citation omitted). "To resist discovery under [FED. R. CIV. P. 26(c)(1)(G)], a party must first establish that the information sought is a trade secret or other confidential information and then demonstrate that its disclosure would cause an identifiable, significant harm." *Id*. (citations omitted). In deciding whether to grant a motion for a protective order, the court has significant

discretion.  *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

### III.  DISCUSSION AND ANALYSIS

While Defendant Stone Source International, Inc. does not oppose the Plaintiff's motion for entry of a protective order, the remaining Defendants do oppose the entry of such an order. The remaining Defendants contend that the Plaintiff failed to make the requisite showing of good cause.  The court agrees.  Rather than providing the court with a particular or specific demonstration of fact, the Plaintiff merely stated that since this case involves trade secrets and/or confidential and proprietary information, the court should issue a protective order.  The Plaintiff's conclusory statements will not suffice.

### IV.  CONCLUSION

Based upon the foregoing, Plaintiff's motion for entry of protective order (docket entry #25) is hereby **DENIED**.

**SIGNED this the 28th day of April, 2008.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE